UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: *Sheller v. Bayer AG*, 19-cv-7972 | **PRETRIAL ORDER NO. 211: DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL** |
| | Re: Dkt. No. 9771 |

Aaron Sheller, an Indiana farmer, moves to appoint Fegan Scott LLC as interim counsel for a putative class of all persons who used Roundup for agricultural or other commercial purposes in 16 States and the District of Columbia. Complaint ¶ 91. Although Sheller hasn't been diagnosed with cancer, he contends that Monsanto and Bayer are liable in negligence for the costs of medical monitoring to combat the increased risk of cancer from Roundup exposure. ¶ 112. He seeks this relief on behalf of millions of absent class members. ¶ 93.

A motion to appoint interim class counsel presents two distinct issues. The first is whether the proposed counsel will fairly and adequately present the interests of the class. Fed. R. Civ. P. 23(g)(1). Among other things, the Court must consider "the work counsel has done in identifying or investigating potential claims in the action" and "counsel's experience in handling class actions" and "the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(i)–(ii). The motion and exhibits provide no reason to doubt that Fegan Scott is qualified in this respect.

The second issue is whether the Court should exercise its discretion to appoint class counsel before deciding whether the case is suitable for class treatment. Under the federal rules, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The appointment of class counsel is typically considered once a class has been certified absent a special justification. *See*

*White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006). According to the advisory committee notes that accompanied the 2003 amendments to Rule 23, the benchmark is whether the designation of interim counsel is "necessary to protect the interests of the putative class."

As Fegan Scott points out, the interests of people with exposure-only claims may diverge from those who have been diagnosed with cancer, because "for the current injured, the critical goal is generous immediate payments," which can conflict with "the interest of exposure-only plaintiffs in ensuring an ample, inflation-protected fund for the future." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 595 (1997). Fegan Scott requests a seat at the table for court-ordered mediation to defend the interests of the absent members of the putative medical-monitoring class. But the motion presents no reason to believe that negotiations between Monsanto and the currently sick will impact any future negotiations between Monsanto and the exposure-only medical-monitoring class. For example, and unlike the asbestos cases, the motion provided no evidence that these plaintiffs are competing over diminishing assets insufficient to discharge the potential liability. Nor does the motion advance any other interest that justifies departure from the standard order of operations for class actions.

The motion to appoint Fegan Scott as class counsel is therefore denied without prejudice.

**IT IS SO ORDERED.**

Dated: April 27, 2020

VINCE CHHABRIA
United States District Judge